[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging in the first count that his criminal trial attorney, Jerome Rosenblum and Beth Merkin, were ineffective in that they coerced him to terminate his jury trial in that his eye witness, Glen Jackson who gave an affidavit that the petitioner who struggled for the gun with which the victim was trying to shoot the petitioner when it accidently went off would not be believed. In the second count he alleges that the judge who took his plea promised as a part of the plea agreement that he would be credited with all his jail credit from the time that he was incarcerated as a result of this arrest amounting to 1 year and 7 months credit even though he was already a sentenced prisoner, and that he has not been given that credit. In the third count he alleges that his habeas counsel, John R Williams assisted by his associate, Attorney Norman Pattis, was ineffective in that he only alleged one claim, that is, that he was not fluent in the English language when he was canvassed, resulting in the failure to know that he was pleading to the offenses for a bargained sentence of twenty-seven (27) years.
The petitioner produced the testimony of Attorney Williams and Attorney Merkin. Williams testified that he did not raise as an issue in the petition for a writ of habeas corpus for the CT Page 4285 petitioner brought earlier, the alleged eye-witness, Glen Jackson's account of the incident, Petitioner's Exhibit 5,
because it was not consistent with the police evidence and the other eye-witnesses at the scene. He further testified that Jackson was known to him from previous contact and was not a credible person and was lying about the event. Ms. Merkin testified that the petitioner had produced that Glen Jackson was an eye-witness who would corroborate the petitioner's account of the shooting of Sharon Little who was shot in the apartment behind a closed apartment door when she drew the gun from her bra and in the struggle with the petitioner for the gun was shot. She found not only was Jackson vague as to where he was during the incident, but both Jackson and her client gave an account different from the state's eye-witnesses to the event who she found credible but also other police evidence from the scene such as that the victim was not wearing a bra and the location of the shell casing at the scene. She conveyed her thoughts about Jackson to the petitioner by letter. Petitioner's Exhibit 6.
Glen Jackson was called by the petitioner and claimed to have been called from his bed downstairs from the victim's apartment by the victim. Jackson testified that he was her "big brother" who helped pacify her relationship with the petitioner and was that night called to break up an argument between the petitioner and one Barbara James. When he did get upstairs and talked to the petitioner and Barbara to leave the apartment, the victim began trying to shoot the petitioner who was struggling for the gun which went off into the victim. He didn't wait around for the police because there was a warrant out for his arrest.
The petitioner has introduced the transcript of the plea of the petitioner and the respondent has introduced the transcript of the sentencing of the petitioner.
 I
A successful petitioner must show that there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Copas v.Commissioner, 234 Conn. 139 (1995); Strickland v. Washington,466 U.S. 668, 694. The petitioner has failed to show that counsel's representation fell below an objective standard of reasonableness. Aillon v. Meachum, 211 Conn. 352, 357. As Judge O'Keefe in his sentencing remarks stated "He made a wise choice. He would have gotten more time than twenty-seven years if he CT Page 4286 was convicted of murder — a very strong likelihood of conviction." This court has to agree with that observation in viewing the evidence before it.
 II
It appears clear from the pleadings in this case that the parties agreed that the sentence given by Judge O'Keefe should be adjusted so as to carry out the plea bargain by reducing one of the three consecutive sentences by one (1) year and seven (7) months. It likewise appears to be consistent with the remarks of Judge O'Keefe towards the end of the transcript of the plea proceedings. Petitioner's Exhibit 1. The court therefore remands this portion of the case to Judge O'Keefe for said correction.
 III
Since these proceedings make moot any claim in the third count having to do with the representation of the petitioner by Attorney John R. Williams as to the availability of the alleged eye-witness, Glen Jackson, and his failure to assert such issue, the count is denied.
It is obvious to the court from a reading of the transcript of the plea proceedings that the petitioner understood far more than Mr. Williams gave him credit for by the difference in the manner the English language was accented. His responses were appropriate on every occasion even though it required moving from a affirmative answer to one that was negative.
For the above reasons the petition is denied with the exception of remanding the matter to Judge O'Keefe for an appropriate correction of sentence consistent with the stated plea bargain.
Corrigan, JTR